■ RUTH SPIRA, Individually and as Administratrix of the Estate of ISAAC SPIRA, Deceased, Appellant, v ROGER ANTOINE et al., Defendants, and GEORGE LAMBERT, Public Administrator of Westchester County, as Administrator of the Estate of PANAYOTIS CHRISTOPOULOUS, Deceased, Respondent. [596 NYS2d 1] —Order, Supreme Court, New York County (Helen Freedman, J.), entered on or about September 18, 1992 which, to the extent appealed from, denied plaintiff's motion to strike the answer of the now deceased defendant Panayotis Christopoulous, and the order of said court and Justice entered on or about April 27, 1991, which denied similar relief and ordered that plaintiff re-serve written deposition questions, unanimously affirmed, without costs.

Given the circumstances intervening between the initial demand for disclosure by plaintiff-appellant, including defendant's illness which was documented by a physician and substitution for defendant's decedent, we cannot say that the motion court abused its discretion in evaluating such factors and in denying plaintiff's motion to strike the defendant's decedent's answer. Although, CPLR 3126 provides for the imposition of sanctions for a deliberate or willful failure to comply with discovery *(Jackson v City of New York,* 185 AD2d 768), it generally is within the discretion of the motion court to determine the appropriate penalty to be imposed against an offending party *(Lowitt v Burton I. Korelitz, M.D., P. C.,* 152 AD2d 506, 507). It would not be appropriate, at bar, for this Court to substitute its discretion for that of the Justice sitting in the IAS Court. *(See, Sawh v Bridges,* 120 AD2d 74, 77,

*appeal dismissed* 69 NY2d 852.) Concur—Murphy, P. J., Sullivan, Rosenberger, Asch and Rubin, JJ.