■ Lewis Elias, Appellant, v City of New York, Respondent. [928 NYS2d 543]—

Although we previously directed defendant to comply fully with the outstanding discovery requests and ordered it to pay plaintiff $7,500 as a penalty for the delay in complying (*Elias v City of New York*, 71 AD3d 506 [2010]), defendant has still failed to comply fully. Over a three-year period, the City has repeatedly failed to provide discovery, despite nine court orders and sanctions imposed by this Court. These circumstances "create[ ] an inference of willful and contumacious conduct" (*Brewster v FTM Servo, Corp.*, 44 AD3d 351, 352 [2007]) and warrant the ultimate sanction of striking defendant's answer.

In this personal injury action, plaintiff alleges that he was injured, due to the City's negligence, when he tripped over the stub of a downed sign pole. Plaintiff filed a complaint in June 2007. In July 2007, he served a notice of discovery and inspection, requesting Department of Transportation (DOT) documents and other information related to the intersection where the accident occurred, for the five years preceding the accident. The City answered the complaint on or about August 15, 2007. The motion court issued a case scheduling order[1] on September 28, 2007 directing the City to provide to plaintiff, within 90 days, materials including permits, permit applications, repair orders, repair records, records of violations, and records of complaints, for the two years preceding the accident. The City did not fully comply with this order, or with orders issued at ensuing compliance conferences—on April 9, 2008, July 2, 2008, and October 29, 2008—which directed the City to provide, by specified dates, the results of a "2-year search for DOT signs records" for the relevant location.[2]

Plaintiff served a supplemental notice of discovery and inspection on or about October 30, 2008. On February 11, 2009, the court issued a discovery order again requiring the City to

---

1. A standard case scheduling order for cases involving New York City sets forth specific discovery to be provided for all such cases.

2. Four judges have presided and issued discovery orders directed to defendant in this case.

"provide P with results of a search [of] DOT records" by March 2, 2009.

The City filed a "Response to Compliance Conference Stipulation" dated April 24, 2009, that purported to respond to the court's order of October 29, 2008, and to provide the "[r]esults of a DOT signs search." Annexed as part of the response was a DOT form letter, dated April 6, 2009, stating that a search related to "Riverside Drive b/w West 126th Street and Tiemann Place, Manhattan," for the two years prior to and including the date of the accident, had "produce[d] no records." The letter was accompanied by a two-page printout that ostensibly constituted the search results.

Evidently finding that the City's disclosures did not satisfactorily respond to plaintiff's discovery demands, the court directed the City, in an order dated May 20, 2009, to respond to plaintiff's discovery notices of July 2, 2007 and October 30, 2008 by June 20, 2009, and to produce a "person with knowledge" for deposition on July 22, 2009.

In a motion dated May 20, 2009, plaintiff moved, pursuant to CPLR 3126, to strike the City's answer for willful and contumacious noncompliance with multiple discovery orders. The City opposed the motion to strike its answer. Among the exhibits to the City's affirmation were two "responses," dated June 18, 2009, one purporting to address the July 2, 2007 discovery notice and the March 20, 2009 compliance conference order, and the other purporting to address the October 30, 2008 supplemental discovery notice and the May 20, 2009 compliance conference order.

The motion court granted plaintiff's motion only to the extent of ordering the City to comply with any outstanding discovery within 30 days (order of July 16, 2009). The court also denied plaintiff's request for an affidavit detailing defendant's search for relevant records, without prejudice to renewal after deposition of the City's witness on July 22, 2009. The court stated that "[f]ailure by defendant to comply with this order may result in an order striking the pleadings or precluding the introduction of evidence upon submission to the court of an affirmation of noncompliance with a copy of this order attached, on notice to opposing counsel."

Plaintiff appealed from the July 16, 2009 order denying his motion to strike the City's answer. In the interim, on September 9, 2009, the court issued yet another order directing the City to provide the results of a two-year records search. On December 9, 2009, the court ordered, inter alia, that the City "respond to [plaintiff's] letter of October 28, 2009 w/in 30 days of faxed

receipt to attn of [the assigned assistant corporation counsel]." The order further directed the City to produce a witness "with knowledge of sign records on January 14, 2010."

On or about January 15, 2010, plaintiff served a supplemental notice of discovery and inspection. In contrast to previous demands, which asked for records regarding the sidewalk "near the west side" of Riverside Drive where it intersects with Tiemann Place, the January 15, 2010 demands asked for records "for the west side" of Riverside Drive "where it intersects with Tiemann Place."

In an order dated March 16, 2010, this Court declined to find that the motion court abused its discretion (in the July 2009 order) in denying plaintiff's motion to strike the City's answer (71 AD3d 506 [2010]). However, based on the City's delay, its noncompliance with court orders, and its failure to object to discovery demands at the "last two compliance conferences," we concluded that imposition of a monetary sanction was appropriate. We directed the City to pay a $7500 penalty to plaintiff and to "comply fully with the outstanding requests."

On April 21, 2010, Supreme Court issued a compliance conference order. The order, which is illegible in the record on appeal, is described in the City's May 11, 2010 "Response to Compliance Conference Order dated April 21, 2010/Response to Supplemental Notice for Discovery and Inspection dated January 15, 2010." According to the City, "[i]tem (1)" in the April 21, 2010 order was a directive to the City to respond to plaintiff's supplemental notice for discovery and inspection dated January 15, 2010. The City responded to this directive by broadly objecting to plaintiff's demands in the January 15, 2010 notice and annexing "DOT Sign Records," consisting of two DOT form letters dated March 18, 2010. One of the letters stated that a search related to "Riverside Drive & Tiemann Place," had "produced no records." The second letter stated that the results of a traffic signs search were enclosed, and was accompanied by a six-page printout. "Item (2)" in the April 21, 2010 order, the City indicated, was a directive for the City to "respond to request for 311 reports, field worker reports, route sheets, sign lists, worksheets, history, and intersection order." The City asserted the same objections to these demands and also asserted that they were duplicative of prior demands to which the City had already supplied responses. The City then referred plaintiff to its April 24, 2009, June 18, 2009 and June 19, 2009 responses.

In a June 9, 2010 order, the court directed the City "to respond to [plaintiff's] discovery notice dated 1/15/10 for the loca-

tion of west side of Riverside Dr at Tiemann PL north to St Clair and south to W 122nd." On or about July 12, 2010, the City responded to the court's June 9, 2010 order. An appended DOT form letter dated July 6, 2010 again advised that a search regarding "Riverside Drive and Tiemann Place Manhattan" "produced no records" for the two years prior to and including the day of the accident.

In August 2010, plaintiff again moved for an order striking the City's answer on the ground that the City had willfully failed to comply with numerous discovery orders. In opposition, the City, emphasizing the drastic nature of the relief sought, argued that its conduct was not "willful and contumacious" and that when such a showing has not been made, an appropriate sanction for dilatory conduct is to permit a defaulting party "one final opportunity to comply." Further, the City contended that, in its submissions dated July 12, 2010 and May 11, 2010, it had fully complied with the court's June 9, 2010 order and adequately responded to plaintiff's January 15, 2010 supplemental discovery notice.

In an order dated October 13, 2010, the court denied nine of plaintiff's demands, three of them on the ground that "City represents documents have been produced." But the court ordered the City to produce, within 30 days, "written complaints, and/or prior written notices, repair orders, [and] cut forms, for the sidewalk on the west side of Riverside Drive, at its intersection with Tiemann Place, for 2 years prior to the date of accident" and to provide an "affidavit if no documents exist" within 45 days. Finally, the court stated that "[f]ailure to comply with this order will result in the striking of the City's answer."

In sum, although over three years had passed since plaintiff had first sought this discovery which is central to the prosecution of his action, and despite the nine court orders directing defendant to comply with outstanding discovery, the motion court acceded to defendant's request to be given one more opportunity to provide the discovery. Defendant has offered no excuse for its failure to produce the documents. Apparently, the imposition by this Court of a significant sanction was not sufficient to deter defendant from continuing its cavalier noncompliance with court-ordered discovery. In our view, the history of defendant's untimely, unresponsive and lax approach to complying with the court's previous orders warrants the striking of defendant's answer (*see Byam v City of New York*, 68 AD3d 798 [2009]). Concur—Mazzarelli, J.P., Andrias, Moskowitz, Richter and Abdus-Salaam, JJ.