■ BLANCA VIRUET, Appellant, v THE MOUNT SINAI MEDICAL CENTER INC. et al., Respondents, et al., Defendant. [38 NYS3d 896]—

Amended order, Supreme Court, New York County (Martin Shulman, J.), entered September 5, 2014, which, among other things, granted defendants the Mount Sinai Hospital, Ron Palmon, M.D., and Daniel Labow, M.D.'s motion to dismiss the action as a sanction for plaintiff's failure to comply with discovery orders, unanimously modified, on the law and the facts, to reinstate the complaint in accordance with the conditions set forth in this order, and as so modified, affirmed, without costs.

Although plaintiff eventually, albeit belatedly, provided or addressed many of the outstanding items listed in Supreme Court's fifth and final order of discovery, she still did not supplement the bill of particulars to articulate the basis for her malpractice claims or demand for special damages, even though five years had passed since the commencement of the action. She also failed to provide completed HIPAA authorization forms.

Nevertheless, "[s]triking a party's pleadings is a drastic sanction, and will generally be made only upon a clear showing that the party's conduct was willful and contumacious" (*CEMD El. Corp. v Metrotech LLC I*, 141 AD3d 451, 453 [1st Dept 2016], citing *Catarine v Beth Israel Med. Ctr.*, 290 AD2d 213, 215 [1st Dept 2002]; *Frye v City of New York*, 228 AD2d 182 [1st Dept 1996]). The record shows that the 77-year-old plaintiff responded to many of defendants' discovery demands, which were extensive, spanning 10 years of medical records and other documents. Under the circumstances of this medical malpractice case, dismissal of the action is too harsh a sanction at this point for plaintiff's partial failure to comply with discovery orders (CPLR 3042 [d]; 3126).

We, therefore, modify to reinstate the complaint, direct plaintiff within 45 days of this order to pay a monetary sanction in the amount of $1,500, and afford plaintiff a final opportunity to supplement her bill of particulars and to provide complete HIPAA authorizations (*see 241 Fifth Ave. Hotel, LLC v GSY Corp.*, 110 AD3d 470, 472 [1st Dept 2013]). Concur—Tom, J.P., Renwick, Manzanet-Daniels, Gische and Webber, JJ.