■ FRANCIS MCHUGH, Appellant, v CITY OF NEW YORK et al., Respondents. [55 NYS3d 29]—

Order, Supreme Court, New York County (Ellen M. Coin, J.), entered May 4, 2016, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion to strike defendants' answers for discovery violations, unanimously modified, on the law, the facts, and in the exercise of discretion, to strike the answer of defendants the City of New York and the Metropolitan Transportation Authority (MTA), and otherwise affirmed, without costs.

Plaintiff allegedly was injured while working in a tunnel during construction of the Second Avenue Subway. He commenced an action against the City and the MTA in 2012, and those defendants failed to produce a witness for deposition,

even after the issuance of three so-ordered discovery stipulations. In 2014, plaintiff commenced an action against defendant Parsons Brinckerhoff, Inc., which was consolidated with his action against the City and the MTA. After defendants failed to comply with two additional so-ordered discovery stipulations requiring them to produce witnesses for deposition, plaintiff moved to, among other things, strike their answers. That motion was resolved in July 2015 by a so-ordered stipulation providing for production of "[a] [d]efendant" witness "with knowledge," with plaintiff reserving the right to depose additional defendants. Defendants eventually produced an employee of Parsons for deposition. The witness, however, was admittedly unprepared, could not answer a great number of questions posed to him, and could not answer any questions respecting the City and the MTA, or ownership of the tunnel and the ground on which it was built.

After the City and the MTA refused plaintiff's request that they produce an additional witness with knowledge, plaintiff moved to, among other things, strike their answer. The motion court improvidently exercised its discretion in failing to strike their answer. The City's and the MTA's unexplained noncompliance with a series of court-ordered disclosure mandates over a period of nearly three years constituted willful and contumacious behavior, warranting the striking of their answer (*see Henderson-Jones v City of New York*, 87 AD3d 498, 504 [1st Dept 2011]; *Elias v City of New York*, 87 AD3d 513, 514 [1st Dept 2011]). Defendants' belated production of "a witness" for deposition on behalf of all three defendants failed to satisfy the requirements of the July 2015 order, since the witness produced was unprepared and had knowledge only on behalf of defendant Parsons. While the court thus providently exercised its discretion in declining to sanction Parsons, the order on appeal directing the City and the MTA yet again to produce a witness with knowledge was insufficient. Given the City's and the MTA's prolonged and willful failure to provide a "timely response and one that evinces a good-faith effort to address the requests meaningfully" (*Kihl v Pfeffer*, 94 NY2d 118, 123 [1999]), the striking of their answer is appropriate. Concur—Acosta, P.J., Renwick, Mazzarelli, Andrias and Manzanet-Daniels, JJ.