| |
|---|
| **Aurora Tourism Servs., LLC v Go N.Y. Tours, Inc.** |
| 2026 NY Slip Op 30687(U) |
| February 25, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 655686/2024 |
| Judge: Anar R. Patel |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 45

-----------------------------------------------------------------------X

AURORA TOURISM SERVICES, LLC

                              Plaintiff,

                    - v -

GO NEW YORK TOURS, INC. d/b/a TOP VIEW,

                            Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 655686/2024 |
| **MOTION DATE** | 01/14/2026 |
| **MOTION SEQ. NO.** | 003 |

**DECISION + ORDER ON MOTION**

**HON. ANAR RATHOD PATEL:**

      The following e-filed documents, listed by NYSCEF document number (Motion 003) 136–151 were read on this motion to/for <u>STRIKE PLEADINGS</u>.

      Defendant/Counterclaim Plaintiff Go New York Tours, Inc. d/b/a Top View's ("Top View") moves *via* Order to Show cause for an order: (i) striking Aurora Tourism Services LLC's ("Aurora") pleadings pursuant to CPLR § 3126; (ii) granting adverse evidentiary inferences; (iii) entering judgment directing Aurora to compensate Top View in the amount of $41,219.85, plus interest; and (iv) granting Top View such relief as this Court deems necessary and proper.  Pursuant to the reasons stated on the record following oral argument held on February 24, 2026, and for the reasons as set forth herein, Defendant/Counterclaim Plaintiff's Motion is granted in part.

      The Court incorporates by reference its Decisions and Orders on Motions 001 (Compel) and 002 (Contempt).  NYSCEF Doc. Nos. 80 (9/19/25 Decision and Order), 90 (10/9/25 Supplemental Order), 122 (12/2/25 Decision and Order).

<u>**Relevant Factual and Procedural History**</u>

      Aurora commenced the instant suit against Top View on October 28, 2024, with the filing of the Summons and Complaint.  NYSCEF Doc. No. 1 (Summons and Compl.).  Top View filed its Answer with Counterclaims on November 25, 2024.  NYSCEF Doc. No. 5 (Ans. with Counterclaims).  Aurora filed its Reply to Counterclaims on December 11, 2024.  NYSCEF Doc. No. 9 (Reply).  The parties appeared for a Preliminary Conference on January 22, 2025, pursuant to which the Court issued a Preliminary Conference Order setting forth Court-ordered discovery deadlines.  NYSCEF Doc. No. 22 ("PC Order"); *see also* NYSCEF Doc. No. 37 (1/22/25 Tr.).  Plaintiff does not dispute that it has failed to comply with the PC Order in failing to (1) timely serve document requests and interrogatories by February 19, 2025 (*see* NYSCEF Doc. No. 33) (2) respond to discovery demands by March 19, 2025 (*see* NYSCEF Doc. No. 38); (3) complete

**655686/2024 AURORA TOURISM SERVICES, LLC v. GO NEW YORK TOURS, INC. d/b/a TOP VIEW**    **Page 1 of 5**
**Motion No.  003**

1 of 5

document production and production of privilege logs by May 5, 2025; (4) complete party and non-party depositions by July 7 and 28, 2025 respectively; and (5) serve expert disclosures by August 11, 2025.

Top View raised issues with respect to Aurora's non-compliance with the PC Order in a letter dated April 23, 2025. NYSCEF Doc. No. 38 (4/23/25 Letter) ("Aurora has failed to provide any written response to Go New York's discovery demands. In an effort to confer, and to resolve the ongoing dispute, Go New York sent follow-up reminders on March 31, April 2, and April 15, but has received no substantive response"). The Court directed the parties to appear for a discovery conference on May 8, 2025. The Court directed Aurora to "comply with the Courts directives as to document production and responses by May 19, 2025" and further granted Top View leave to file a motion to compel. NYSCEF Doc. No. 47 (5/8/25 Tr.).

The parties then appeared for a status conference on June 5, 2025, at which time Top View indicated that it would file its anticipated motion to compel due to Aurora's continued failure to adhere to the PC Order and the Court's May 8, 2025 directives. NYSCEF Doc. No. 46 (6/5/25 Tr.).

Top View filed the motion to compel, and the parties appeared for oral argument on said motion on September 18, 2025. The Court granted the motion "to the extent that Plaintiff is precluded from offering evidence on motions for summary judgment and at trial that has not been produced in the course of discovery pursuant to CPLR § 3126" and further awarded sanctions in the form of attorneys' fees and expenses. NYSCEF Doc. No. 80; *see also* NYSCEF Doc. No. 90. The Court further entered an Amended Preliminary Conference Order extending dates for depositions and expert disclosure. NYSCEF Doc. No. 86 ("Am. PC Order").

Based upon the parties' representations that Aurora was unable to pay the award of attorneys' fees and would likely file for bankruptcy, and Aurora's delays with respect to identification of deposition witnesses, the Court issued a further Second Amended Preliminary Conference Order on November 7, 2025. NYSCEF Doc. No. 103 ("Second Am. PC Order"); *see also* NYSCEF Doc. No. 100 (10/30/25 Letter) ("Despite Go New York sending notices of deposition for these witnesses on October 14, 2025, today Aurora's counsel informed us for the first time that the company does not know addresses for service of subpoenas and provided us only with the witnesses' telephone numbers for five of the six (despite the fact that one of the witnesses, Omowaye Jegede, is Aurora's principal's son, who previously testified for Aurora at an evidentiary hearing in connection with Go New York's motion for a preliminary injunction in the co-pending federal court litigation").

Due to Aurora's failure to comply with the Court's Order dated September 18, 2025 and Supplemental Order dated October 9, 2025, Top View moved for an order of contempt. The parties appeared for a contempt hearing on December 2, 2025, at which time they agreed to a settlement (consisting of a payment plan) to resolve the motion. NYSCEF Doc. Nos. 122, 123 (12/2/25 Tr.).

Against this background, Top View filed the instant motion arguing that not only has Aurora disregarded prior Court orders and discovery deadlines, but that the depositions of Oluwabamise "Lister" Jegede (Aurora's President) and Oluwatosin "Opeyemi" Jegede ("Opeyemi"), coupled with third-party productions establish that Aurora has knowingly withheld

**655686/2024 AURORA TOURISM SERVICES, LLC v. GO NEW YORK TOURS, INC. d/b/a TOP VIEW**      **Page 2 of 5**
**Motion No. 003**

2 of 5

[* 2]

relevant documents during the discovery process. Top View's moving papers and evidence submitted thereto establish that the following discovery has been knowingly withheld and that Aurora has failed to identify locations and repositories of relevant documents:

- Paper records stored with third-party service provider, in a mini cabinet, and in a storage locker in South Amboy, New Jersey. NYSCEF Doc. No. 141 ("Lister Depo.") at 36:17–37:21; 50:18–51:1).

- Videos relevant to allegations concerning improper interactions between the parties, and that are in Aurora's possession. *Id*. at 128:15–16; 129:2–22; 151:15–152:7; 182:14–21; 196:4–12 ("Like I told you, we have more videos than were produced."); 201:14–19; 222:7–10 ("Like I told you, we didn't provide all the videos we have.").

- Photographs concerning Aurora's allegations such as, for example, vandalism of vehicles. *Id*. at 201:8–202:11.

- E-mails, and the identification of e-mail accounts, consisting of responsive communications such as, for example, customer complaints. *Id*. at 55:17–18; 115:13–116:12.

- Communications with regulatory agencies. *Id*. at 106:7–15.

- Citations to traffic infractions, parking violations, and other regulatory violations. *Id*. at 105:3–16.

- Communications with third-party advertisers and sellers, such as Groupon, that bear upon, for example, Aurora's allegations of trademark infringement. *See* NYSCEF Doc. Nos. NYSCEF Doc. No. 137 (Bachrach Aff.) at ¶¶ 16–18, 147 (Mem. of Law) ("Groupon has produced over two thousand pages of relevant documents, including Aurora's contracts with Groupon, Aurora's revenue records, records of who modified Aurora's Groupon page and when, as well as hundreds of relevant emails between Groupon and an Aurora business email address, contact@newyorkiconiccruises.com.").

- Financial documentation including Aurora's 2023 and 2024 tax returns, and bank records. Lister Depo. at 34:2–22; 48:7–12; 49:17–23; 50:5–51:10.

In addition to the foregoing, Aurora submitted an affirmation of counsel stating that he interviewed Opeyemi in her capacity as Office Manager and primary record keeper for Aurora. NYSCEF Doc. No. 69 (Walters Aff.) at ¶ 6. However, both Lister and Opeyemi stated under oath that Opeyemi had no role as record keeper for Aurora and that Lister was Aurora's primary record keeper. Lister Depo. at 23:4–9; NYSCEF Doc. No. 142 ("Opeyemi Depo.") at 44:16–20. Further, Omowaye Jegede, a named defendant in this case, did not appear for his noticed deposition. Bachrach Aff. at ¶ 15.

Finally, on October 9, 2025, the Court ordered that Aurora pay attorneys' fees of $40,719.85 within ten days—on October 19, 2025. NYSCEF No. 90. Aurora has not remitted this payment in full to date and still owes $41,219.85 pursuant to the parties' settlement agreement.

## Legal Discussion

Pursuant to CPLR § 3126, "[i]f any party . . . refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed pursuant to this article, the court may make such orders with regard to the failure or refusal as are just." "The drastic remedy of striking a party's pleading pursuant to CPLR 3126 for failure to comply with a discovery order . . . is appropriate only where the moving party conclusively demonstrates that the non-disclosure was willful, contumacious or due to bad faith." *Henderson-Jones v. City of New York*, 87 A.D.3d 498, 504 (1st Dept. 2011) (internal quotation marks omitted). "Willful and contumacious behavior can be inferred by a failure to comply with court orders, in the absence of adequate excuses." *Id*. Although actions should be resolved on the merits whenever possible, the efficient disposition of cases "is not promoted by permitting a party . . . to impose an undue burden on judicial resources to the detriment of . . . other litigants." *Arts4All, Ltd. v. Hancock*, 54 A.D.3d 286, 287 (1st Dept. 2008), *aff'd* 12 N.Y.3d 846 (2009). "[I]t generally is within the discretion of the motion court to determine the appropriate penalty to be imposed against an offending party." *Spira v. Antoine*, 191 A.D.2d 219, 219 (1st Dept. 1993).

The record establishes that Aurora repeatedly disobeyed Court Orders, both in the form of Preliminary Conference Orders and Decisions and Orders on Motions. In fact, to date, Aurora has not produced responses to discovery requests, a full and complete production of discovery, and privilege logs. *See* Bachrach Aff. at ¶¶ 4–9, 12–13. Tellingly, Aurora has never objected to the production of discovery—including the documents outlined *supra*—on the basis of relevance. In fact, Aurora has provided <u>no</u> explanation for its failure to produce material and relevant discovery in this action. It does not end there, however. Aurora has made <u>no</u> argument or response in connection with the instant motion regarding its failure to comply with discovery orders and its discovery obligations. Its opposition papers and supporting affidavit solely address its failure to comply with the Court's October 9, 2025 Supplemental Order to pay attorneys' fees.

Accordingly, the Court finds Aurora's conduct to be willful and contumacious, as supported by the record. Based on such dilatory conduct and Aurora's failure to comply with multiple Court Orders, forcing Top View to submit pre-motion letters, discovery letters, and make motions seeking discovery, the Court deems it appropriate, in its discretion, to grant Top View's motion to strike Aurora's pleadings and enter judgment in the amount of $41,219.85 per the October 9, 2025 Supplemental Order. Considering the foregoing, the Court deems it unnecessary to address Top View's request for adverse inference charges.

Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Strike Plaintiff's Pleadings pursuant to CPLR § 3126 is GRANTED, and Aurora's Complaint and Reply to TopView's Counterclaims is stricken; and it is further

[* 4]

**ORDERED** that the Clerk is directed to enter judgment accordingly.

The foregoing constitutes the Decision and Order of this Court.

| | | |
|---|---|---|
| **2/25/2026** | | ANAR R. PATEL, A.J.S.C. |
| **DATE** | | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |