■ PETER FIGDOR et al., Appellants, v CITY OF NEW YORK, Respondent. [823 NYS2d 385]—

Orders, Supreme Court, New York County (Michael D. Stallman, J.), entered July 6, 2005 and December 28, 2005, respectively, which, inter alia, denied plaintiffs' motions to strike defendant's answer for failure to comply with court-ordered discovery, unanimously modified, on the facts, to grant plaintiffs' motions to the extent of directing that defendant's answer be struck unless, within 30 days after service of a copy of this order with notice of entry, defendant pays plaintiffs' attorney $10,000, and otherwise affirmed, with costs in favor of plaintiffs.

Appeal from order, same court and Justice, entered March 10, 2006, unanimously dismissed, without costs, as the appealed order did not decide a motion made on notice (*see* CPLR 5701) and we decline to grant leave to appeal.

Defendant's response to the myriad discovery orders entered in this action over the course of some two years has been inexcusably lax (*see Goldstein v CIBC World Mkts. Corp.*, 30 AD3d 217 [2006]). While discovery has trickled in with the passage of each compliance conference, the cavalier attitude of defendant, resulting as it has in substantial and gratuitous delay and expense, should not escape adverse consequence (*see Kihl v Pfeffer*, 94 NY2d 118 [1999]; *and see Anonymous v High School for Envtl. Studies*, 32 AD3d 353 [2006]). We take this opportunity to encourage the IAS courts to employ a more proactive approach in such circumstances; upon learning that a party has repeatedly failed to comply with discovery orders, they have an affirmative obligation to take such additional steps as are necessary to ensure future compliance. Concur—Tom, J.P., Saxe, Friedman, Sullivan and McGuire, JJ.