OPINION OF THE COURT
Paul A. Victor, J.
Relief Sought
The plaintiff moves pursuant to CPLR 3126 to strike the answer of defendant, Police Officer Wanamaker, for failure to provide the tape recording and transcript of the testimony of Officer Wanamaker given at a G.O.-15 hearing; or, in the alternative, pursuant to CPLR 3042 (c) to preclude the defendant Wanamaker from offering evidence at the trial of this action “as to matters, the particulars of which are sought in the motion but not provided.”
A Recurring Problem Requiring a Proactive Solution There appears to be an increasing “inability” on the part of some municipal departments and agencies to locate and provide public records which are clearly discoverable. Questions then frequently arise regarding the adequacy and scope of the search conducted and the competence and qualifications of the person assigned to conduct a search. Motions usually result in a hasty “short form order” of the court simply requiring either production of the items sought or an affidavit from a “person with *561 knowledge” explaining the inability to do so. The court has not located any reported cases further explaining who it is that qualifies as that “person with knowledge” or what the affidavit must state as to the scope of the search conducted. Consequently, all too often compliance is inconsistent and inadequate resulting in additional motions for judicial intervention. This recurring issue apparently requires written judicial guidance, so that, hopefully, future motion practice concerning this issue can be ehminated and judicial resources conserved.
Background and Procedural History
This is a wrongful death action brought by plaintiff Alphonso Lewis, as administrator of the estate (and guardian for the children) of Kenneth Thomas, deceased, who was allegedly struck and killed by a tractor-trailer during the West Indian American Day Parade conducted in Brooklyn on September 2, 1996. The complaint alleges causes of action for negligence, recklessness, assault, battery and civil rights violations allegedly committed by the defendants.
The defendant Donovan McLean was the operator of the tractor-trailer, and the defendant Glenford R. McCallum was the owner of, and passenger in, the tractor which was pulling a flatbed trailer (being used as a parade float). The defendants, the City of New York and New York City Police Officer Wanamaker, are named as defendants in essence because of the alleged negligent and/or reckless conduct of defendant Wanamaker in, among other things, ordering the owner and operator of the tractor-trailer to proceed into and through an intersection despite evident danger to the pedestrian parade revelers.[1]
A notice for discovery and inspection dated August 4, 2000 was served upon the defendant City of New York in which it was requested to provide (among other things) the “records relating to any administrative or disciplinary hearing of BO. Wanamaker.” Thereafter, the defendant Wanamaker, at a deposition held on February 1, 2001, stated that although he had given testimony about the incident to his police department superiors during a G.O.-15 hearing, he was never provided with a copy of the recording or transcript thereof. For some unexplained reason, in the preliminary conference order dated July 17, 2003, only the defendant Wanamaker (not the defendant City) was required to provide a transcript of the tape of that administra *562 tive hearing for an in camera review. In addition, in all motions made thereafter seeking compliance, plaintiff only demanded that the defendant Wanamaker (not the City) provide the above records. Therefore, the subsequent orders (dated Feb. 24, 2005 and Sept. 15, 2005) each required only Wanamaker (not the City) to produce either the transcript or tape recording of this hearing. The latter order required said production by defendant Wanamaker by no later than October 30, 2005. The defendant Wanamaker, not being in possession of same, “failed” to comply with all of the prior orders.
On December 5, 2005, the plaintiffs again moved to strike the answer of defendant Wanamaker (not the City) for failure to provide the tape or transcript. On January 26, 2006, the plaintiff and defendant Wanamaker (again, not the City) entered into a stipulation (“so ordered” by Hon. Sallie Manzanet) which called for the defendant Wanamaker (not the City) to provide the hearing transcript or tape within 30 days of the date of the order, or provide an “affidavit from a witness with knowledge attesting to the search for those records and the failure to locate them.”
When the defendant Wanamaker failed to timely comply with this so-ordered stipulation, plaintiff, by motion dated May 18, 2006, moved to strike defendant Wanamaker’s answer or preclude him from offering evidence at the trial. Thereafter, during the pendency of that motion, counsel for the defendant Wanamaker submitted an affidavit, dated May 18, 2006, from Detective Lillian Christian, a detective in the Internal Affairs Bureau (IAB) of the New York City Police Department, which states as follows:
“I was assigned to search the records of IAB-Bronx for the GO-15 statement of Police Officer John Wannamaker [sic] taken after an incident that occurred on September 2, 1996 during the West Indian Day Parade in Brooklyn. This incident was investigated by IAB Group 21 which is under the command of IAB-Bronx.
“I physically searched the file room, located in the IAB-Bronx office using the case number assigned to this incident and the officer’s name and neither G. 0.-15 tapes, nor transcripts could be located.”
Plaintiffs argue that this affidavit is wholly inadequate and urge, therefore, that defendant Wanamaker’s answer should be stricken.
*563 Law Relating to Discovery
Sanctions for Lack of Compliance
All parties and their counsel have an obligation to make good faith efforts to fulfill their discovery and disclosure obligations and to resolve all discovery and disclosure disputes, before seeking judicial intervention. Dilatory tactics, evasive conduct and/or a pattern of noncompliance with discovery and disclosure obligations may give rise to an inference of willful and contumacious conduct, and may result in severe adverse consequences and sanctions (see all cases cited infra).
“Among the particular types of conduct of a party that have warranted the imposition of sanctions for nondisclosure are: disobedience to a court order compelling disclosure; willful failure to appear for examination before trial; willful failure or refusal to produce witnesses for examination; willful or contumacious refusal to produce documents or materials demanded; failure to respond or to properly answer interrogatories; refusal to exchange or make available to the adverse party medical reports; refusal to give authorization for disclosure of medical reports where privilege waived; refusal to answer questions during deposition; ignoring a notice for discovery and inspection; removal or destruction of property sought to be produced and inspected; willful failure to sign a deposition; falsely denying the possession of documents sought to be produced; refusal to agree to a mutually convenient date for examination; dilatory tactics, evasive conduct, and willful obstruction of discovery proceeding; and belated compliance with disclosure order or conditional preclusion order.
“The court may also impose sanctions because of an attorney’s conduct relating to disclosure, such as failure to honor disclosure rules and stipulation between parties on disclosure, deliberate and contumacious delay between the commencement of the action and plaintiff’s compliance with the court’s discovery orders, or disruptive tactics during the deposition questioning of his client.” (44A NY Jur 2d, Disclosure § 353.)
In addition, it should be noted that attorneys and the parties have a professional and/or legal obligation to fully comply with all court orders, including those which relate to discovery and *564 disclosure demands. Failure to comply with such orders will result in sanctions (both monetary and otherwise) which may, among other things, severely affect the prosecution or defense of the underlying lawsuit.
Sanctions which have been suggested and upheld by appellate courts include (without limitation thereto) severe monetary sanctions as well as dismissal of a complaint or an answer. (See e.g., Figdor v City of New York, 33 AD3d 560 [1st Dept 2006] [answer struck unless $10,000 sanction paid within 30 days]; Jones v Green, 34 AD3d 260 [1st Dept 2006] [complaint dismissed because of plaintiff’s long continued pattern of noncompliance]; Rampersad v New York City Dept. of Educ., 10 Misc 3d 1059LA], 2005 NY Slip Op 52023[U] [2005, Victor, J.], affd 30 AD3d 218 [1st Dept 2006] [answer struck for failure to comply with a conditional disclosure order]; Rojas v City of New York, 27 AD3d 323 [1st Dept 2006] [affirming an order by Supreme Court, Bronx County (Victor, J., Mar. 2, 2005) which conditionally struck the answer for failure to comply with a disclosure order]; Santiago v City of New York, 15 Misc 3d 1121[A], 2007 NY Slip Op 50793[U] [Apr. 17, 2007, Victor, J.] [complaint dismissed for failure by plaintiff to comply with conditional court orders and discoveiy obligations].)
In Figdor (supra), the First Department modified the order of the court below (which had denied plaintiff’s motion) to the extent of directing that defendant’s answer be stricken unless defendant pays plaintiff’s attorney the sum of $10,000 within 30 days of the order. For emphasis, the Appellate Division also took the opportunity to instruct the IAS courts “to employ a more proactive approach in such circumstances[,] upon learning that a party has repeatedly failed to comply with discovery orders.” (33 AD3d at 561.) For added impact, that Court emphasized that the IAS courts “have an affirmative obligation to take such additional steps as are necessary to ensure future compliance.” (Id. [emphasis added].)
It must be noted from all of the above that a pattern of noncompliance with court orders and/or discovery demands may result in a final and binding dismissal of an answer or a complaint. It should especially be noted by counsel for plaintiffs that the striking of a complaint may result, not only in the termination of the cause of action, but also in the inability to revive same. (Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C. [Habiterra Assoc.], 5 NY3d 514 [2005].) In the Andrea case, the New York *565 Court of Appeals held that dismissal of an action for failure to comply with a discovery order is a dismissal “ ‘for neglect to prosecute the action’ within the meaning of CPLR 205 (a). Therefore, . . . actions . . . filed after the dismissal of previous actions by the same plaintiffs, are not saved by CPLR 205 (a) from the bar of the statute of limitations.” (Id. at 518 [emphasis added].)
The penalty of striking a pleading for failure to comply with an order of disclosure is an extreme one which is warranted only where failure has been willful or contumacious. (Delaney v Automated Bread Corp., 110 AD2d 677 [2d Dept 1985].) A court may strike an answer as a sanction for a party’s refusal to obey an order for disclosure only when the moving party establishes a clear showing that the nonmoving party’s failure to comply with the order is willful, contumacious, or in bad faith; the burden then shifts to the nonmoving party to demonstrate a reasonable excuse. (Reidel v Ryder TRS, Inc., 13 AD3d 170 [1st Dept 2004].)
Discovery and Inspection
Section 3101 (a) of article 31 of the CPLR provides:
“Generally. There shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by:
“(1) a party, or the officer, director, member, agent or employee of a party.” (Emphasis added; see also, Velez v Hunts Point Multi-Serv. Ctr., Inc., 29 AD3d 104 [1st Dept 2006].)
Disclosure of information and/or records is obtainable by one or more of the disclosure devices provided in article 31, including, without limitation thereto, by a demand for discovery and inspection of documents or property; or by stipulations with or without leave of court; or obviously by court order (see, generally CPLR 3102, 3120).
When “business records” are requested, they can be required to be “accompanied by a certification, sworn in the form of an affidavit and subscribed by the custodian or other qualified witness charged with responsibility of maintaining the records” (CPLR 3122-a [a]). Rule 3122-a (a) provides further that said affidavit should state in substance that:
“1. The affiant is the duly authorized custodian or other qualified witness and has authority to make the certification;
“2. To the best of the affiant’s knowledge, after rea *566 sonable inquiry, the records or copies thereof are accurate versions of the documents described in the subpoena duces tecum that are in the possession, custody, or control of the person receiving the subpoena;
“3. To the best of the affiant’s knowledge, after reasonable inquiry, the records or copies produced represent all the documents described in the subpoena duces tecum, or if they do not represent a complete set of the documents subpoenaed, an explanation of which documents are missing and a reason for their absence is provided; and
“4. The records or copies produced were made by the personnel or staff of the business, or persons acting under their control, in the regular course of business, at the time of the act, transaction, occurrence or event recorded therein, or within a reasonable time thereafter, and that it was the regular course of business to make such records.”
As to the admissibility of such records, CPLR 4518 provides in relevant part, as follows:
“Rule 4518. Business records
“(a) Generally. Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible in evidence in proof of that act, transaction, occurrence or event, if the judge finds that it was made in the regular course of any business and that it was the regular course of such business to make it, at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter.”
These business records, when properly certified or authenticated, are not only admissible, but are also “prima facie evidence of the facts contained” therein (CPLR 4518 [c]).[2] However, these rules create only a rebuttable presumption. (See, Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 4521, C4518:9.)
*567 Discussion
The records sought herein (a tape recording and a transcript of testimony provided by a party) clearly qualify as “business records” within the meaning of CPLR 4518, since they were created and obtained during an official investigation at an official administrative/disciplinary hearing conducted by the New York City Police Department. In addition, they appear to be admissible in evidence, as well as discoverable. (Trotman v Hewlett Packard Co., 258 AD2d 645 [1999]; Velez v Hunts Point Multi-Serv. Ctr., Inc., 29 AD3d 104 [2006], supra.)
The inadequacies of the affidavit submitted by the defendant to support the unavailability of said records are manifest. No attempt has been made to provide a copy of the official protocol for the creation, preservation and storage for said official records and the affidavit does not even identify the official custodian thereof. In addition, the affidavit does not set forth the qualifications of the affiant (an IAB detective) to conduct said search, nor does it attempt to identify the “appointing authority” and the qualifications of that appointing authority. The affidavit simply states that “I physically searched the file room, located in the IAB-Bronx office using the case number assigned to this incident and the officer’s name and neither G.O.-15 tapes, nor transcripts could be located.” The affidavit does not state that the file room is the official location where said records are required to be stored, nor does it state that this file room is the only place where such official records should have been stored. The affidavit does not provide the identity of the officer or officers that created these records so that related reports and correspondence can be retrieved and an official chain of custody investigation can be meaningfully conducted. Obviously, there must be an official file somewhere concerning this investigation, and said file most likely would contain some information which might lead to the present whereabouts of the missing records. In any event, based upon the totality of the circumstances, one might conclude that this affidavit has been purposefully constructed to be vague and misleading, and a court could then be left to infer that said records are being willfully withheld and/or have been contumaciously destroyed.
As stated above, this failure to locate discoverable records appears to be a recurring problem with some city agencies (not just the police department). The court has observed that it has been extremely difficult to obtain the cooperation of some city agencies. On several occasions this court has been constrained *568 to dismiss an answer or to impose other severe sanctions for the failure to provide records and/or to appear for depositions. (See cases cited supra.) In any event, since it is too often claimed that records are not available, this court, as stated in Figdor (supra), must “employ a more proactive approach” to ensure compliance with discovery requests and court orders. Therefore, when it is claimed that official records (which should be available) cannot be located, this court will require a detailed affidavit,[3] and will, if necessary, authorize the deposition of all persons (including the commissioners of the departments, if necessary) in order to obtain an explanation for the absence of records which should be on file. No longer will this court tolerate superficial searches, explanations and claims that official records (which clearly once existed) are not available.
In this case, however, despite the “failure” to comply with prior orders and the inadequacy of the above affidavit, the answer of defendant Wanamaker cannot and should not be stricken since he is not a person who can be charged with the duty to preserve and store such records. Moreover, he has provided testimonial evidence that he was never given a copy of the records in question. Since he had no responsibility or control over the preservation, maintenance and storage of these records and was never in possession of a copy, it would be manifestly unjust to dismiss his answer or to impose any sanction. As to this defendant, the prior stipulations and orders of this court must be deemed to have been satisfied.
It would also be inappropriate, at this time, to sanction the defendant City (the party charged with possession and control of and the obligation to preserve said records) since: (1) plaintiff never (even in this motion) sought any sanction against the City for its failure to comply with plaintiffs “ancient” discovery *569 and inspection request, and (2) none of the prior orders (including the preliminary conference order) required the City to produce the tape and transcript. These technical flaws preclude the court from imposing a sanction on the City. However, at this juncture and under these circumstances, a conditional order directing compliance with the said notice for discovery and inspection would seem more appropriate. In the event that said records cannot be located by the City the following additional conditions must be fulfilled.
When Records Cannot be Located
The City is cautioned that, in the event said records cannot be located, that an affidavit, which complies with the conditions set forth herein, must be served on plaintiff and filed with the court. Said affidavit must be made by the custodian of such records or by such other person duly designated by law to be a substitute custodian or person charged with the obligation to preserve, maintain, store and search for said records. At a minimum said affidavit must include the following information:
(1) Official Custodian/Qualifications of Affiant. The affiant must be either the official custodian or an otherwise qualified person that has been given the authority to conduct such search. The official custodian and the qualifications of the affiant (if not the official custodian) must be identified and described in detail. In addition, a copy of the law, rule or other document pursuant to which said affiant was designated and authorized to conduct said search must be appended;
(2) Diligent Search Efforts. The affiant must provide a detailed description of the “diligent and reasonable efforts” made to locate and produce said reports and records including the date, time and place for each search conducted;
(3) Reason for Absence. The affiant must provide a meaningful explanation as to why the said reports and records are not now available; and that explanation, at a minimum, must include the information set forth, below;
(4) The Chain of Custody. The affiant must provide the identity of the person or persons who created the said reports and records as well as all other persons in the authorized chain of custody; and if unknown an explanation must be provided;
(5) Last Known Possessor. The affiant must provide the identity of the person last in possession of same; and, if unknown, an explanation must be provided;
(6) Storage Locations. All of the authorized locations where such reports and records are, or should have been, preserved, *570 maintained and stored in accordance with the applicable rules and regulations must be identified;
(7) The Applicable Rules and Regulations. All rules and regulations relating to the preservation, maintenance and storage of reports and other records, made by an employee or other person charged with the obligation to make the said report and record, must be identified and a copy of said rules and regulations must be made available and/or appended as an exhibit. When Records are Located
When discoverable business records and reports are found they must be made available, together with a certification, which complies in all respects with CPLR 3122-a (a) set forth above.
Conclusion
For the foregoing reasons, the motion to strike the answer of defendant Wanamaker is denied. However, defendant City of New York is ordered to provide plaintiff with a copy of the requested records (certified in accordance with CPLR 3122-a [a]) or, in the event said records are not available, with an affidavit from the custodian of such records or from a duly designated and qualified person, which provides all of the information required by this decision.
The City must comply with this order within 30 days from the date of service of a copy of this order. Failure by defendant, City of New York, to provide the records or to supply an affidavit which meets the specifications outlined in this decision will result in monetary sanctions and dismissal of its answer.

. A motion by the City defendants to dismiss based, among other things, upon a claim of sovereign immunity, is currently under consideration.

. See also CPLR 4520, which provides that
“[w]here a public officer is required or authorized, by special provision of law, to make a certificate or an affidavit to a fact ascertained, or an act performed, by him in the course of his official duty, and to file or deposit it in a public office of the state, the certificate or affidavit so filed or deposited is prima facie evidence of the facts stated.”

. CPLR 4521, entitled “Lack of record,” provides as follows:
“A statement signed by an officer or a deputy of an officer having legal custody of specified official records of the United States or of any state, territory or jurisdiction of the United States, or of any court thereof, or kept in any public office thereof, that he has made diligent search of the records and has found no record or entry of a specified nature, is prima facie evidence that the records contain no such record or entry, provided that the statement is accompanied by a certificate that legal custody of the specified official records belongs to such person, which certificate shall be made by a person described in rule 4540.”

The decision herein will require more than just this simple certificate.