■ ANDREA SHERYLL et al., Appellants, et al., Plaintiffs, v UNITED GENERAL CONSTRUCTION et al., Defendants, and CITY OF NEW YORK, Respondent. [945 NYS2d 291]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered January 24, 2011, which denied plaintiffs-appellants' motion to strike defendant-respondent City of New York's answer, unanimously modified, on the law and on the facts, to grant the motion to the extent of directing that the City's answer be stricken, unless the City pays plaintiffs-appellants' attorney costs in the sum of $10,000, within 30 days after service of a copy of this order with notice of entry, and otherwise affirmed, with costs. Order, same court and Justice, entered December 2, 2011, which denied plaintiffs' motion to strike the City's answer, unanimously affirmed, without costs.

The nature of the sanction for disobedience regarding court-ordered disclosure generally lies within the discretion of the IAS court (*see Emmitt v City of New York*, 66 AD3d 504 [2009]). Moreover, since there is a strong preference that matters be decided on their merits (*see Catarine v Beth Israel Med. Ctr.*, 290 AD2d 213 [2002]), we agree with the motion court that the "ultimate penalty" of striking the answer was unwarranted, at least up to this point (*cf. Elias v City of New York*, 87 AD3d 513, 517 [2011]). However, the court improvidently exercised that discretion in declining to impose a stronger sanction on defendant City for its dilatory conduct.

In the instant case, the City's unexcused conduct and pattern of delay in timely serving discovery warrants a monetary sanction as noted above (*see Figdor v City of New York*, 33 AD3d 560 [2006]; *Anonymous v High School for Envtl. Studies*, 32 AD3d 353 [2006]). This sanction should deter the City from "continuing its cavalier noncompliance with court-ordered discovery" (*Elias*, 87 AD3d at 517). Concur—Mazzarelli, J.P., Catterson, DeGrasse, Richter and Manzanet-Daniels, JJ.