Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered May 19, 2011, which granted plaintiffs’ motion for spoliation sanctions, to the extent of deeming that defendants City of New York, New York City Department of Transportation, Cemusa NY, LLC and Shelter Express Corp. had prior notice of the subject condition, unanimously modified, on the facts, to grant plaintiffs’ motion to the extent of striking defendants’ answer unless, within 30 days after service of a copy of this order with notice of entry, defendants pay plaintiffs’ attorney $5,000, and otherwise denied, without costs.
*453 Plaintiffs seek damages for injuries allegedly sustained on March 2, 2007, when plaintiff Glendora Young slipped and fell on a glass panel that was lying on the ground of a bus shelter on the Grand Concourse in the Bronx. Cemusa NY, LLC (Cemusa) had been retained by the City of New York and the New York City Department of Transportation (DOT) to maintain and supply street furniture throughout the city, including bus shelters. Cemusa, in turn, subcontracted with Shelter Express Corp. to inspect, maintain and clean the bus shelters twice a week, on nonconsecutive days, including removing broken glass within 24 hours of notice of the problem.
Among other discovery requests, plaintiffs sought the maintenance records for the bus shelter as well as any documentation indicating that there had been a decision to replace the panel involved in plaintiff’s accident. Defendants produced maintenance reports and certain other documents pertaining to the bus shelter covering more than a year.
Based on the documentary evidence produced, defendants contend the bus shelter was intact and in good condition when inspected and cleaned on Thursday, March 1, 2007 by Shelter Express, but by 8:25 a.m. the next morning, Friday, March 2, one of the glass panels had been removed and was on the ground next to the shelter. Given the deposition testimony of Cemusa’s director of operations, Carmine Adisano, that the glass panels were removed only when vandalized or when heavily scratched with acid graffiti, defendants claim that the removal was an act of vandalism which was only discovered in the normal course of business on Tuesday, March 6, when, as the documents show, a Shelter Express employee discovered it in the course of one its twice weekly inspections and cleaning. Plaintiffs contend that there must have existed an email, invoice and/or DOT directive reflecting the date of the decision to replace the glass panel.
On the motion, defendants submitted the affidavits of Adisano and Akash Chabra, defendant Shelter Express’s general manager, each averring that a search for the records had been conducted and that no such documentation had been found. The motion court concluded that Adisano’s previous deposition testimony that “the shelters were to be inspected twice per week and any repair issues would have been documented” leads inexorably to “the conclusion that records were either negligently or intentionally disposed of.” However, the defendants did in fact produce the records of the twice weekly inspections both before and after plaintiffs accident, which showed no damage the day before the plaintiffs accident, and confirmed that a panel was missing from the bus shelter as of a few days after *454 the accident. Thus, the record does not support the conclusion reached by the motion court that there must have existed other documents spoliated by the defendants.
Our review of the record does reveal, however, that defendants were inexcusably slow to produce documents over a period of three years in response to several court orders, requiring plaintiffs to twice move for sanctions. We also note that the affidavits of Adisano and Chabra establishing that there were no further documents to be disclosed were not proffered until the instant motion was made. In monitoring discovery, any sanction levied by a court must be proportionate to the conduct at issue (see Martinez v Goldrose Mgt., Inc., 49 AD3d 466 [1st Dept 2008]); here, we conclude that a monetary sanction in the amount of $5,000 is sufficient (see Figdor v City of New York, 33 AD3d 560 [1st Dept 2006]). Concur — Mazzarelli, J.P, Moskowitz, Richter, Abdus-Salaam and Feinman, JJ.