■ NAIM DEDUSHAJ, Respondent, v 3175-77 VILLA AVENUE HOUSING DEVELOPMENT FUND CORPORATION et al., Appellants. [21 NYS3d 883]—

Order, Supreme Court, Bronx County (Laura Douglas, J.), entered June 16, 2014, which granted plaintiff's motion to preclude due to defendants' discovery violations, unanimously modified, on the facts, to vacate the preclusion part of the order and, instead, impose sanctions on defendants in the amount of $5,000, and otherwise affirmed, without costs.

The record shows that defendants failed to comply with a conditional preclusion order directing them to produce an appropriate search affidavit. The affidavit defendants provided did not explain what efforts, if any, were made to preserve the requested documents, nor did it indicate whether the documents were routinely destroyed (see Jackson v City of New York, 185 AD2d 768, 770 [1st Dept 1992]). However, the sanction of precluding defendants from denying notice of the allegedly dangerous condition on the steps in the cooperative building owned by the corporate defendant was not proportionate to defendants' misconduct (see Young v City of New York, 104 AD3d 452, 454 [1st Dept 2013]). The requested documents were not relevant to notice. Moreover, plaintiff has not been deprived of his ability to prove his case (see Palomo v 175th St. Realty Corp., 101 AD3d 579, 581 [2012]). The individual defendant (the president of the cooperative's board) was produced for deposition and plaintiff was able to obtain information from her concerning notice and maintenance procedures. Under the circumstances, a monetary sanction is appropriate (see Young, 104 AD3d at 454). Concur—Friedman, J.P., Sweeny, Saxe and Moskowitz, JJ.