Emigrant Bank v Rosabianca (2022 NY Slip Op 01120)





Emigrant Bank v Rosabianca


2022 NY Slip Op 01120


Decided on February 22, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 22, 2022

Before: Renwick, J.P., Kennedy, Scarpulla, Rodriguez, Higgitt, JJ. 


Index No. 850136/14 Appeal No. 15356 Case No. 2021-00274 

[*1]Emigrant Bank, as Successor-by-Merger with Emigrant Savings Bank-Manhattan, Plaintiff-Appellant,
v
Luigi Rosabianca et al., Defendants, Secured Lending Corp., Defendant-Respondent.


Adam Leitman Bailey, P.C., New York (Jeffrey R. Metz of counsel), for appellant.
The Law Offices of Mitchell Cantor, New York (Mitchell Cantor of counsel), for respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about June 16, 2020, which granted plaintiff Emigrant Bank, as successor-by-merger with Emigrant Savings Bank-Manhattan (Emigrant)'s fourth motion to strike the answer of defendant Secured Lending Corp. (SLC) only to the extent of ordering SLC to pay reasonable attorneys' fees incurred by Emigrant in preparing the motion, and otherwise denied the motion as academic, unanimously affirmed, without costs.
"It is well established that a trial court has broad discretion over the discovery process, and its determinations will not be set aside absent a clear showing of abuse of discretion" (Rodney v City of New York, 192 AD3d 606, 606 [1st Dept 2021] [citations omitted]). "In monitoring discovery, any sanction levied by a court must be proportionate to the conduct at issue" (Young v City of New York, 104 AD3d 452, 454 [1st Dept 2013]). In this case, Supreme Court providently exercised its discretion in granting the motion to strike only to the extent of ordering SLC to pay reasonable attorneys' fees incurred by Emigrant in preparing the motion, and otherwise denying, as SLC served an extensive document production on Emigrant, and agreed that its further supplemental discovery production rendered the motion to strike academic (Adzer v Rudin Mgt. Co., 50 AD3d 1070, 1072 [2d Dept 2008]).
Further, there was no reason for SLC to move to vacate, when it had complied with initial production, nor was there spoliation, as the subject emails were contained in the record on appeal, and Emigrant never alleged that the original digital records or paper records were destroyed.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 22, 2022