Lehrman v Lehrman (2022 NY Slip Op 07193)

Lehrman v Lehrman

2022 NY Slip Op 07193

Decided on December 20, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 20, 2022

Before: Manzanet-Daniels, J.P., Oing, Singh, Scarpulla, Pitt-Burke, JJ. 

Index No. 350025/19 Appeal No. 16946&M-3244 Case No. 2022-00644 

[*1]Marcy Lehrman, Plaintiff-Appellant-Respondent,
v
Mikel Lehrman, Defendant-Respondent-Appellant.

Cohen Clair Lans Greifer Thorpe & Rottenstreich LLP, New York (Dan Rottenstreich of counsel), for appellant-respondent.
Teitler & Teitler, LLP, New York (Nicholas W. Lobenthal of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Michael L. Katz, J.), entered on or about February 4, 2022, which, to the extent appealed from, granted so much of defendant husband's cross motion to compel plaintiff wife's production of copies of all communications between her (directly or through her attorneys or representatives) and Cantor Fitzgerald, unanimously affirmed, without costs.
The motion court's determination that the communications at issue were discoverable by defendant was a provident exercise of its discretion (see Emigrant Bank v Rosabianca, 202 AD3d 592, 592 [1st Dept 2022]).
Plaintiff's argument that defendant's counsel failed to comply with the good-faith provisions of 22 NYCRR 202.7 is unavailing. Defendant's counsel described efforts to resolve this dispute in his affirmation in support of defendant's cross motion (see Encalada v Riverside Retail, LLC, 175 AD3d 467, 468-469 [2d Dept 2019]). Moreover, the parties' other communications, including the September 27, 2021 email from plaintiff's counsel, and plaintiff's counsel's stated position during a May 13, 2021 conference with the court, show that further efforts to try to resolve this discovery dispute without motion practice would have been futile.
The discovery sought is "reasonably calculated" to yield information "material and necessary" to a financial issue in dispute between the parties, namely the reasons for termination of defendant's partnership interests(CPLR 3101[a]; Forman v Henkin, 30 NY3d 656, 661 [2018]). Defendant attributes such termination to a conversation plaintiff had with the wife of Cantor Fitzgerald's CEO, during which, he claims, plaintiff asked if the CEO would act as the parties' divorce mediator and warned she would be serving a subpoena on Cantor Fitzgerald. Although plaintiff disputes defendant's characterization of the call and denies asking the CEO to serve as mediator, she does not deny that a call occurred and acknowledges that she stated, during that call, that her lawyers had decided they needed to depose him. Given the temporal proximity of the call and the termination of the financially significant partnership interests, the motion court properly found the communications between plaintiff (or her counsel or other representatives) and Cantor Fitzgerald discoverable. This is particularly so because plaintiff's counsel stated, during a May 13, 2021 court appearance, that he knew, based on his own communications with Cantor Fitzgerald's general counsel, that plaintiff's service of a subpoena had not jeopardized defendant's partnership interests. Accordingly, defendant should be able to further probe this area, which falls within the broad scope of discovery permissible as to financial issues in matrimonial actions (see Gellman v Gellman, 160 AD2d 265, 267 [1st Dept 1990]).
To the extent plaintiff argues this discovery should not be permitted because the termination of the partnership interests was not an adverse financial development, such [*2]issue has not yet been determined and is not determinable on this record. Also indeterminable at this juncture is whether, as plaintiff contends, it was another settled matter that caused the termination of the partnership interests.
We have considered plaintiff's remaining arguments and find them unavailing.
M-3244 — Lehrman v Lehrman
Motion to amend the caption, denied. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 20, 2022