Lis v Lancaster (2024 NY Slip Op 01763)

Lis v Lancaster

2024 NY Slip Op 01763

Decided on March 28, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 28, 2024

Before: Manzanet-Daniels, J.P., Kapnick, González, Mendez, Pitt-Burke, JJ. 

Index No. 650855/19 Appeal No. 1937-1938-1939 Case No. 2023-00918 2023-01711 2023-03524 

[*1]Andrew J. Lis, Plaintiff-Respondent-Appellant,
v
Jason M. Lancaster, et al., Defendants-Appellants-Respondents.
Jason M. Lancaster, et al., Counterclaim Plaintiffs-Appellants-Respondents,
v
Andrew J. Lis, Counterclaim Defendant-Respondent-Appellant.
Jason M. Lancaster et al., Third-Party Plaintiffs-Appellants-Respondents,
v
Jal Environmental Services Programs, LLC, Third-Party Defendant-Respondent-Appellant.

White and Williams LLP, New York (Nicole A. Sullivan of counsel), for appellants-respondents.
Law Office of Ihsan Dogramaci PLLC, New York (Ihsan Dogramaci of counsel), for respondents-appellants.

Judgment, Supreme Court, New York County (Melissa A. Crane, J.), entered June 28, 2023, awarding plaintiff Andrew J. Lis and third-party defendant Environmental Supply Chain Alternative Planning Experts LLC attorneys' fees and costs in the amount of $25,325.19, and bringing up for review an order, same court and Justice, entered January 12, 2023, which denied plaintiff's CPLR 3126 motion to strike the pleadings but found it appropriate to impose on defendants and third-party plaintiffs Jason M. Lancaster, Gulf Premier Logistics LLC, and JAL Environmental Services Programs, Inc. reasonable attorneys' fees and costs, and permitted plaintiff to move for such relief, and order, same court and Justice, entered on or about March 7, 2023, which granted plaintiff's motion for attorneys' fees and costs to the extent of ordering reimbursement in the amount of $25,325.19, unanimously affirmed, without costs. Appeals from aforementioned orders, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The motion court here considered a CPLR 3126 motion to strike based on alleged willfully withheld discovery/lack of candor in connection with the nondisclosure of certain documents, and found Lancaster's arguments in opposition "unavailing." The court also found that some of the documents "should have been produced," and that this amounted to frivolous discovery conduct. Thus, the court's sua sponte award of monetary sanctions under the Rules of the Chief Administrator of the Courts (22 NYCRR) § 130-1.1, satisfied the procedural requirements of the section 130 rules. The court provided Lancaster a reasonable opportunity to be heard on the allegations by plaintiff that he engaged in sanctionable discovery misconduct, and it adequately set forth in the written decisions the conduct upon which the sanction was based, the reasons why the conduct was found to be frivolous, and the reasons why the court found the amount imposed to be appropriate. The fact that plaintiff had moved exclusively to strike the pleadings, without seeking monetary sanctions, did not preclude the court from finding that the alleged willful misconduct constituted frivolous misconduct or from exercising its discretion to award monetary sanctions, including those pursuant to 22 NYCRR 130-1.1 (see Maxim, Inc. v Feifer, 161 AD3d 551, 554 [1st Dept 2018]; see also Lucas v Stam, 147 AD3d 921, 926 [2d Dept 2017]).
The court, which has broad discretion over the discovery process, and whose determinations will not be set aside absent a clear showing of abuse of discretion (see Emigrant Bank v Rosabianca, 202 AD3d 592, 592 [1st Dept 2022]), had a basis in the record for crediting plaintiff's allegations that Lancaster sought to hide or delay, for as long as possible, the disclosure and production of potentially damaging documents that he knew had lost their privilege protection, and that this constituted frivolous conduct warranting a monetary sanction (see e.g. Continental [*2]Indus. Group., Inc. v Ustuntas, 215 AD3d 417 [1st Dept 2023]; Imex Discovery Resources v Allstate Hosiery Mills, 156 AD2d 137 [1st Dept 1989]). We also find that it did not abuse its discretion in basing the monetary award on the fees and costs incurred in connection with certain prior motions, and in finding the appropriate sanction amount to be $25,325.19.
Contrary to plaintiff's argument, there is no basis for finding that the only proper remedy for the frivolous conduct is the drastic remedy of striking the pleadings. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 28, 2024