**Listokin v City of New York**

2024 NY Slip Op 33645(U)

October 14, 2024

Supreme Court, New York County

Docket Number: Index No. 155224/2020

Judge: Hasa A. Kingo

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. HASA A. KINGO**                    PART          05M

                                        *Justice*

-------------------------------------------------------------------------X

STANLEY LISTOKIN,

                            Plaintiff,

                    - v -

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF TRANSPORTATION, NEW YORK CITY
DEPARTMENT OF PARKS AND RECREATION, NEW
YORK CITY DEPARTMENT OF ENVIRONMENTAL
PROTECTION, NEW YORK CITY DEPARTMENT OF
DESIGN AND CONSTRUCTION

                            Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 155224/2020 |
| MOTION DATE | 09/09/2024 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81

were read on this motion to          STRIKE PLEADINGS                    .

Upon the foregoing documents, the court issues the following decision and order:

## BACKGROUND AND PROCEDURAL HISTORY

This case arises from an incident that occurred on April 29, 2019, when Plaintiff, Stanley Listokin ("Plaintiff"), an 83-year-old business professional, was riding his bicycle in Central Park. Plaintiff alleges that as the pathway ahead curved, its surface abruptly became unpaved and mis-leveled, causing him to be violently thrown to the ground, resulting in severe injuries, including injuries to his face, rotator cuff, and extremities. Plaintiff claims that the hazardous condition was due to defendants' failure to properly maintain the pathway following a resurfacing project.

The present motion is brought pursuant to CPLR §3124, seeking to compel the City of New York ("the City") to comply with discovery requests, which have been outstanding since May 9, 2023, and court orders entered on December 12, 2023, and May 20, 2024. Plaintiff separately seeks

155224/2020   LISTOKIN, STANLEY vs. THE CITY OF NEW YORK
Motion No.  003

Page 1 of 6

an order striking the City's answer pursuant to CPLR §3126 or, alternatively, precluding the City from offering evidence at trial. The City opposes the motion, asserting that it has responded to all outstanding discovery requests and that Plaintiff failed to engage in a good faith effort to resolve the dispute prior to filing this motion.

Plaintiff's allegations are corroborated by a series of good faith letters sent to the City and two court orders directing compliance with discovery. Despite this, Plaintiff contends that the City unilaterally adjourned depositions and failed to produce critical discovery materials, severely prejudicing Plaintiff's ability to prosecute this case.

## DISCUSSION

It is well-settled law that a party's failure to comply with discovery obligations can result in severe sanctions, including striking a party's pleading, precluding evidence, or imposing monetary penalties (*see Figdor v. City of New York*, 33 AD3d 560 [1st Dept 2006]). In this case, the City has exhibited a persistent pattern of non-compliance with its discovery obligations. Despite two court orders mandating discovery, the City has repeatedly failed to respond fully, delaying the resolution of this matter.

While the sanction of striking a party's pleading is a harsh remedy, it is warranted where there has been a clear showing of willful and contumacious behavior (*Kihl v. Pfeffer*, 94 NY2d 118 [1999]). The court recognizes that striking a party's answer is a grave sanction, one that should only be imposed when a party's failure to fulfill its discovery obligations clearly falls within the bounds of this established legal standard.

The record in this case reveals a persistent and unjustifiable pattern of delay by the City in meeting its discovery obligations. At oral argument on October 15, 2024, the City's responses to this court's inquiries were wholly unpersuasive, demonstrating a troubling lack of priority in

**155224/2020   LISTOKIN, STANLEY vs. THE CITY OF NEW YORK**
**Motion No.  003**

**Page 2 of 6**

[* 2]

addressing the discovery at hand. Most notably, the City openly admitted that the deposition dates it had stipulated to on May 14, 2024, failed to proceed as scheduled—without providing any good cause for this lapse. This is particularly egregious given that Plaintiff's counsel had long since furnished all necessary medical records to facilitate Plaintiff's deposition. The City's ongoing non-compliance has obstructed the resolution of a case that has languished for over five years, thereby imposing undue and unjust prejudice upon Plaintiff, who, at 83 years old, is entitled to nothing less than a prompt and fair resolution of his claims.

Plaintiff has documented a series of efforts to resolve the discovery disputes at issue in good faith, starting with his notice of discovery and inspection served on May 9, 2023. Following the City's failure to respond, Plaintiff sent no less than three good faith letters on October 15, 2023, November 10, 2023, and August 5, 2024, requesting compliance with the outstanding discovery. The City ignored each of these letters, violating its obligations under CPLR §3120 and §3101, which mandate full disclosure of all material and necessary information to prosecute the case.

Further, the court issued two clear directives to the City to comply with its discovery obligations. The first order, entered on December 12, 2023, required the City to respond to Plaintiff's May 9, 2023, discovery requests within 45 days. The second order, dated May 20, 2024, reiterated the City's obligation and warned that non-compliance could result in sanctions, including striking the City's answer. Despite these explicit orders, the City has continued to disregard its discovery duties. As noted in *Figdor v. City of New York*, 33 AD3d 560, 561 (1st Dept 2006), such recalcitrance in discovery matters "should not escape adverse consequences." The City's pattern of ignoring court orders and delaying tactics mirrors the behavior condemned by the courts in *Figdor*, where the Appellate Division, First Department, urged courts to adopt a more proactive stance against unjustified discovery delays by the City.

155224/2020   LISTOKIN, STANLEY vs. THE CITY OF NEW YORK                                    Page 3 of 6
Motion No.  003

3 of 6

Moreover, in *Reidel v. Ryder TRS, Inc.*, 13 AD3d 170 (1st Dept 2004), the court held that willful non-compliance with discovery orders can justify the striking of a pleading. In this case, the City's conduct demonstrates a disregard for both procedural rules and judicial authority, as it has not only failed to comply with discovery demands but has also unilaterally adjourned court-ordered depositions scheduled for April 30, 2024, May 9, 2024, October 2, 2024, and October 9, 2024 without proper cause or justification.

The City's conduct here parallels the egregious delays in *Williams v. City of New York*, 2010 N.Y. Slip Op. 51615 (Sup. Ct. N.Y. Co. 2010), where the court struck the City's answer due to repeated violations of discovery orders. In *Williams*, the court emphasized the City's cavalier attitude toward its obligations, noting that repeated disregard for discovery deadlines cannot be tolerated, especially when it hampers the resolution of the case and prejudices the opposing party. The same is true here. The City's dilatory tactics and its continued refusal to produce the ordered discovery amount to conduct that undermines the integrity of the judicial process.

Furthermore, the court is especially mindful of Plaintiff's advanced age and the principle that "justice delayed is justice denied." Plaintiff, who is 83 years old, is entitled to the timely and expeditious resolution of his claims, as every litigant has a right to his day in court. The delays in this case, now stretching over five years, cannot be condoned.

Nevertheless, the court recognizes that cases should be resolved on the merits whenever possible, and striking a party's answer is a remedy of last resort (*Herrera v. City of New York*, 238 AD2d 475 [2d Dept 1997]). While the City's conduct has been unreasonable, the court believes that affording the City one final opportunity to comply with its discovery obligations, under threat of self-executing sanctions, is a fair and measured response at this juncture.

**155224/2020   LISTOKIN, STANLEY vs. THE CITY OF NEW YORK**
**Motion No.  003**

**Page 4 of 6**

4 of 6

The City is no different from any other defendant and must be held to the same standard. Its obligation to comply with discovery orders is unequivocal, and continued non-compliance will not be tolerated. Should the City fail to substantially comply within thirty (30) days of this decision, the court will have no other course but to strike the City's answer, as warranted under CPLR §3126.

The City's pattern of non-compliance and its failure to adhere to court-ordered discovery is intolerable. Plaintiff has made every good faith effort to resolve these issues, but the City has failed to act responsibly. Given the procedural history, the City is directed to comply with all outstanding discovery within thirty (30) days, and failure to substantially comply will result in the striking of its answer. Plaintiff's motion to strike is therefore granted in part, and the City is on notice that any further delays in compliance will result in the imposition of sanctions.

Accordingly, it is hereby

**ORDERED**, that Plaintiff's motion is granted to the extent that the City of New York is directed to produce all outstanding discovery materials outlined below within thirty (30) days of this order, and failure to do so through documented substantial compliance will result in the striking of the City's answer; and it is further

**ORDERED** that the City is directed to provide amended discovery responses to each item of discovery called for by the Case Scheduling Order ("CSO") in this action (NYSCEF No. 36), or requested by Plaintiff's Notice and Demands for Discovery dated May 9, 2023 (NYSCEF No. 17), and produce all responsive records in its possession, custody, or control, within thirty (30) days, and **no later than Thursday November 14, 2024**; and it is further

**ORDERED** that to the extent document productions are not fully and thoroughly completed within thirty (30) days, the City shall file with the court an affidavit from a person of knowledge (who is not counsel) describing in detail the affirmative steps taken towards

155224/2020   LISTOKIN, STANLEY vs. THE CITY OF NEW YORK                    Page 5 of 6
Motion No. 003

5 of 6

compliance, such affidavit evincing a plan to fully and thoroughly comply with all provisions of the CSO and Plaintiff's Notice and Demands for Discovery dated May 9, 2023, and evincing diligent progress towards that end, and such detailed description of affirmative steps taken including: the timing of each step, the nature and scope of each step (including the method and/or parameters of searching, and the custodial source interrogated, e.g. witness or records), the CSO provisions and/or Plaintiff's Notice and Demands for Discovery dated May 9, 2023 requests each such step is directed to address; the results or status of each step (i.e. whether a search is complete, whether responsive documents have been identified, and if so a description of the documents), and anticipated time of completion (whether document production, or a representation that no responsive documents exist); and it is further

**ORDERED** that, within thirty (30) days of the date of this order, the City shall contact Plaintiff's counsel to reschedule the depositions of both Plaintiff and the City. These depositions must be scheduled for dates occurring no later than Thursday, January 23, 2024.; and it is further

**ORDERED** that the parties are directed to obtain the transcript of the oral argument that took place on Tuesday, October 15, 2024, the substance of which is incorporated by reference, split the cost, and submit the same to the court upon receipt at sfc-part5-clerk@nycourts.gov and sfc-part5@nycourts.gov; and it is further

**ORDERED** that the parties shall appear for a compliance conference at 80 Centre Street, Room 320, on Tuesday November 19, 2024 at 12:00 PM.

This constitutes the decision and order of the court.

| 10/14/2024 | | HASA A. KINGO, J.S.C. |
| --- | --- | --- |
| DATE | | |

CHECK ONE:

| | CASE DISPOSED | | X | NON-FINAL DISPOSITION |
| --- | --- | --- | --- | --- |
| | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |

155224/2020   LISTOKIN, STANLEY vs. THE CITY OF NEW YORK                    Page 6 of 6
Motion No.  003

[* 6]