# Zunno v RXR SL Owner LLC

## 2025 NY Slip Op 30381(U)

### January 29, 2025

### Supreme Court, New York County

### Docket Number: Index No. 152699/2016

### Judge: Lynn R. Kotler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. LYNN R. KOTLER**                      PART                08

*Justice*

-----------------------------------------------------------------------X

NICHOLAS ZUNNO, NATALIA GONTOWICZ ZUNNO,

                Plaintiff,

- v -

RXR SL OWNER LLC, RXR CONSTRUCTION & DEVELOPMENT LLC,

                Defendant.

-----------------------------------------------------------------------X

RXR SL OWNER LLC, RXR CONSTRUCTION & DEVELOPMENT LLC

                Plaintiff,

-against-

ALLRAN ELECTRIC OF N.Y., LLC.

                Defendant.

-----------------------------------------------------------------------X

RXR SL OWNER LLC, RXR CONSTRUCTION & DEVELOPMENT LLC

                Plaintiff,

-against-

ABM JANITORIAL SERVICES - NORTHEAST, INC.

                Defendant.

-----------------------------------------------------------------------X

RXR SL OWNER LLC, RXR CONSTRUCTION & DEVELOPMENT LLC

                Plaintiff,

-against-

ADVANCED BUILDING MAINTENANCE SERVICES

                Defendant.

| | |
|---|---|
| INDEX NO. | 152699/2016 |
| MOTION DATE | 08/02/2024, 08/02/2024 |
| MOTION SEQ. NO. | 004 005 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595928/2016

Second Third-Party
Index No. 595262/2018

Third Third-Party
Index No. 595949/2019

**152699/2016 ZUNNO, NICHOLAS vs. RXR SL OWNER LLC**
**Motion No. 004 005**

Page 1 of 5

[* 1]

-------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 004) 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 173, 185, 186, 187, 188, 190, 191, 199, 200, 201, 202

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

The following e-filed documents, listed by NYSCEF document number (Motion 005) 168, 169, 170, 171, 172, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 189, 195, 196, 197, 198, 203, 206

were read on this motion to/for                    DISCOVERY                    .

Upon the foregoing documents, motion sequences 4 and 5 are hereby consolidated for the court's consideration and disposition in this single decision and order.

In motion sequence 5, third third-party defendant Advanced Building Maintenance Services (Advanced) moves to strike the third third-party complaint for failure to provide discovery. Second third-party defendant ABM Janitorial Services – Northeast Inc. (ABM) cross-moves to strike the second third-party complaint also for defendants' failure to provide discovery. Defendants RXR SL Owner, LLC and RXR Construction & Development, LLC (collectively RXR) opposes both the motion and cross-motion, maintaining that they have responded to all outstanding discovery demands. On reply, neither Advanced nor ABM dispute RXR's position that all discovery has been provided, but each maintains that the respective third-party actions should be dismissed because RXR has unreasonably and inexcusably delayed in providing the demanded discovery.

Sanctions are authorized pursuant to CPLR 3126 when a party refuses to comply with its obligations to provide discovery in the normal course. Striking a complaint is an extraordinary sanction, reserved for egregious conduct, oftentimes demonstrated by a cavalier attitude resulting in substantial delay and expense (*see i.e. Figdor v. City of New York,* 823 NYS2d 385 [1st Dept

2006]). Contrary to Advanced and ABM's contention, although a significant period of time has gone by since the underlying demands were served, RXR has not engaged in the type of behavior which warrants the relief movants' seek nor have the movants suffered substantial prejudice as a result of said behavior which would warrant dismissal at this juncture. Accordingly, both the motion and cross-motion are denied.

The court now turns to motion sequence 4, wherein Advanced moves for summary judgment against plaintiff on his Labor Law claims and against the defendants' third third-party plaintiffs. Plaintiff, ABM and RXR oppose the motion. Issue has been joined and the motion was timely brought as per the court's decision/order dated May 29, 2024. Therefore, summary judgment relief is available. For the reasons that follow, summary judgment is granted in part.

On a motion for summary judgment, the proponent bears the initial burden of setting forth evidentiary facts to prove a prima facie case that would entitle it to judgment in its favor, without the need for a trial (CPLR 3212; *Winegrad v. NYU Medical Center*, 64 NY2d 851 [1985]; *Zuckerman v. City of New York*, 49 NY2d 557, 562 [1980]). If the proponent fails to make out its prima facie case for summary judgment, however, then its motion must be denied, regardless of the sufficiency of the opposing papers (*Alvarez v. Prospect Hospital*, 68 NY2d 320 [1986]; *Ayotte v. Gervasio*, 81 NY2d 1062 [1993]).

Granting a motion for summary judgment is the functional equivalent of a trial, therefore it is a drastic remedy that should not be granted where there is any doubt as to the existence of a triable issue (*Rotuba Extruders v. Ceppos*, 46 NY2d 223 [1977]). The court's function on these motions

152699/2016 ZUNNO, NICHOLAS vs. RXR SL OWNER LLC
Motion No. 004 005

Page 3 of 5

3 of 5

is limited to "issue finding," not "issue determination" (*Sillman v. Twentieth Century Fox Film*, 3 NY2d 395 [1957]).

In this action, plaintiff alleges that he was injured while working as an electrician's foreman for third-party defendant Allran Electric of N.Y., LLC on the 8th floor of the building located at 601 West 26th Street in Manhattan. Specifically, plaintiff claims that he slipped on the bottom rung of a wooden A-frame ladder and fell. At this juncture, assuming *arguendo* that Advanced met its burden on the motion, the opponents to said motion have raised a triable issue of fact as to whether an Advanced employee was mopping the floor in the common hallway, thus causing and creating a slipping hazard which gave rise to plaintiff's accident. Thus, Advanced's motion for summary judgment dismissing the third-party claims for contribution against it must be denied (*Godoy v Abamaster of Miami*, 302 AD2d 57, 61 [2d Dept 2003], lv dismissed 100 NY2d 614 [2003]). Further, Advanced's motion for common law indemnity is also denied since Advanced has not established that RXR was negligent as a matter of law, thus precluding common law indemnification (*see i.e. Perri v Gilbert Johnson Enters., Ltd.*, 14 AD3d 681, 684-685 [2d Dept 2005]).

The court will, however, granted Advanced's motion for summary judgment dismissing any third-party claims for contractual indemnification, as Advanced has established that there was no applicable agreement which would form the basis of such a claim against it.

[* 4]

**Conclusion**

Accordingly, it is hereby

**ORDERED** that motion sequence 4 is granted only to the extent that all third-party claims against Advanced for contractual indemnification are severed and dismissed; and it is further

**ORDERED** that motion sequence 4 is otherwise denied; and it is further

**ORDERED** that motion sequence 5 is denied.

Any requested relief not expressly addressed herein has nonetheless been considered and is hereby denied and this constitutes the Decision and Order of the Court.

1/29/2025
DATE

LYNN R. KOTLER, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

152699/2016   ZUNNO, NICHOLAS vs. RXR SL OWNER LLC
Motion No.  004 005

Page 5 of 5